[Cite as *State v. Williams*, 2016-Ohio-3364.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

ERNEST L. WILLIAMS

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 2015CA00211

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Alliance Municipal Court, Case No. 2015TRC002368 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 6, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellee

JENNIFER L. ARNOLD
Law Director, City of Alliance
470 East Market Street
Alliance, Ohio 44601

For Defendant-Appellant

EMILY R. TRETTEL
Stark County Public Defender's Office
201 Cleveland Ave SW, Suite 104
Canton, Ohio 44702

*Hoffman, J.*

{¶1}   Defendant-appellant Ernest L. Williams appeals his convictions entered by the Alliance Municipal Court on one count of operating a vehicle intoxicated, in violation of R.C. 4511.19(A)(1)(a); one count of refusing  a chemical test, in violation of R.C. 4511.19(A)(2); and one count of speeding, in violation of Alliance City Code.

STATEMENT OF THE FACTS AND CASE

{¶2}   On June 6, 2015, at approximately 11:00 p.m., Appellant Ernest L. Williams was observed by Alliance Police Officer Christopher McCord speeding on Sawburg Avenue in Alliance, Ohio.

{¶3}   Officer McCord initiated a stop of Appellant's vehicle and noticed an odor of alcohol emanating from the vehicle. Appellant indicated he had "close to nothing" to drink, but then changed his answer to "I didn't have anything to drink."

{¶4}   Officer McCord proceeded to identify the passengers in the vehicle, during which time Appellant placed a phone call, calling the officer an "asshole."

{¶5}   Officer McCord asked Appellant to step from the vehicle in order to confirm the odor of alcohol was in fact from Appellant and not from one of the other passengers. After noticing a "strong odor of alcohol" on Appellant's person outside the vehicle, the officer performed Standardized Field Sobriety Tests to determine whether Appellant was under the influence of alcohol.

{¶6}   Upon performing the tests, Officer McCord observed Appellant's balance was not good and he had garbled speech. During the Horizontal Gaze Nystagmus test, Appellant refused to keep his head still, and had difficulty keeping his eyes on the stimulus. Officer McCord found six out of six clues on the HGN test.

{¶7} On the walk-and-turn test, Appellant told Officer McCord he was "bowlegged" and could not walk in a line. Appellant struggled with the instructions, and interrupted. He continually would not stand still while being told what to do next. Appellant was unable to complete the test after indicating seven out of eight of the clues.

{¶8} Officer McCord attempted to have Appellant perform the one-legged stand test. Appellant argued with the officer concerning a flat place to conduct the test. Appellant had difficulty with balance, using his arms, and putting his feet down while swaying.

{¶9} Officer McCord placed Appellant under arrest for OVI and transported him to the Stark County Jail. While at the jail, Appellant was given the opportunity to take the breathalyzer test. During the process, Appellant indicated he could not summon enough breath to blow into the machine. Appellant has a prior conviction for OVI.

{¶10} Officer McCord explained to Appellant the consequences of failing to refuse to blow into the machine. Appellant blew into the tube but did not seal his mouth around the tube/straw of the machine. He also did not exhale enough breath to conduct the test.

{¶11} Officer McCord testified at trial,

A. Uh, I give 'em a straw - - well it's a tube. It has a fresh mouth piece that we get from - - that are all previously wrapped, and ask him to blow into the machine until I tell him to stop.

Q. Alright. And did - - was Mr. Williams able to do this?

A. No.

Q. Okay. Tell us how that went.

A. Uh, this would, I believe, fall back under the games category. Um, an eighty year old with one lung can blow into this. It's not hard. It's - -

anybody can blow into this an I've yet to find somebody who can't unless they're choosing not to.  When you - - when you blow into it, the machine gives you positive feedback that you're actually blowing into it.  This was more of a, hahhahh, just blowing around it, not even letting the machine attempt to do its job.

\* \* \*

Q. Okay.  Alright.  So did you give him another chance?

A. I did.

Q. How many?

A. I believe we did this twice.  Once the machine times out from a deficient sample, you have to go back in, enter everything, in, the machine does all of its stuff and we try it a second time and got the same deficient results.

Q. Okay.  What was your conversation with Mr. Williams during this time period?

A. Um, I explained to him that if he is unable to complete the test that it still gets marked a refusal even though he is attempting, it doesn't mean that it's not going to be marked a refusal.

Q. Okay.  What are the consequences of a refusal?

A. Um, more severe.

Q. Okay.  Alright.  Did you offer him a urine test?

A. Um, I don't remember if we did or not.  Um, - -

Q. You talked about previously that was going to be an option, so why would you have not done that, sir?

A. We had already been messing around with the machine. I believe he said that he would blow in the machine, that he wasn't going to give urine. I think when it came down to the test being deficient on this, it wasn't - - we weren't going through the argument of additionally asking for more from him.

Q. Okay. Alright. You've marked this as an OVI with prior. How would you find out about prior offenses?

A. When we get his driving history, convictions for OVIs throughout the state of Ohio and sometimes other places come up.

Q. Okay. And did you find any there, sir?

A. Yes.

Tr. at 132; 133-134.

{¶12} Officer McCord did not have reason to believe Appellant was having breathing problems. Tr. at 175.

{¶13} As a result, Appellant was indicted on one count of OVI, in violation of R.C. 4511.19(A)(1)(a); one count of refusing a chemical test, in violation of 4511.19(A)(2); and speeding in violation of an Alliance Municipal Code.

{¶14} The matter proceeded to a jury trial on October 29, 2015. The jury returned a verdict of guilty on the OVI charge and the refusing a chemical test charge. The trial court then found Appellant guilty of speeding.

**{¶15}** The same date, the trial court entered a Sentencing Entry and order sentencing Appellant on the R.C. 4511.19(A)(2) refusing a chemical test charge to 180 days in the Stark County Jail with all but 30 days suspended on condition of good behavior for a period of two years.  The trial court merged sentencing on the charge of OVI in violation of R.C. 4511.19(A)(1)(a).  The court imposed a fine of $975, and ordered Appellant undergo treatment.  The trial court imposed court costs only on the speeding charge.

**{¶16}**  Appellant appeals, assigning as error,

**{¶17}** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AS THERE WAS INSUFFICIENT EVIDENCE THAT DEFENDANT WAS 'UNDER THE INFLUENCE OF ALCOHOL' AND THE GUILTY FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶18}**  Following the close of the State's evidence, the defense moved for acquittal pursuant to Criminal Rule 29.

**{¶19}**  In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. *See, e.g., State v. Carter,* 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974(1995); *State v. Jenks,* 61 Ohio St.3d 259, 273, 574 N.E.2d 492(1991).

**{¶20}**  In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered.'" State v. Thompkins, 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting State v. Martin, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶21} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶22} Here, Appellant was convicted of OVI, in violation of R.C. 4511.19(A)(1)(a) and refusing a chemical test, in violation of R.C. 4511.19(A)(2), which read, in order,

(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

***

(2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

***

(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being

asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

{¶23} Upon review of the evidence set forth above and the trial testimony of Officer McCord presented herein, we find there was sufficient evidence offered to demonstrate Appellant operated a vehicle intoxicated, after having been convicted of a previous OVI conviction, and refused to submit to a chemical breath test. The testimony demonstrates Officer McCord observed a strong odor of alcohol on Appellant's person, Appellant indicated the majority of clues on the Standardized Field Sobriety Tests and upon arrival at the Stark County Jail, he refused the breath test by failing to properly blow into the breath testing machine.

{¶24} Accordingly, we find the trial court did not err in overruling Appellant's motion for Criminal Rule 29 acquittal as the jury's verdict was supported by sufficient evidence and its verdict was not against the manifest weight of the evidence.

**{¶25}** The judgment of the Alliance Municipal Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur